<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SANFORD WILLIAMS, JR., | : | |
| | : | Civil Action No. 09-6439 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MICHAEL MAY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Sanford Williams, Jr.
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876

**KUGLER**, District Judge

Plaintiff Sanford Williams, Jr., a prisoner confined at Somerset County Jail in Somerville, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff previously filed another civil action which went to trial on October 5 and 6, 2009, and which resulted in judgment as a matter of law in favor of the defendants in that action. See Williams v. Dellorco, Civil No. 05-4129 (D.N.J.).[1]

Here, Plaintiff alleges that Defendant Michael May gave perjured testimony in the trial of Civil Action No. 05-4129.[2]  He alleges that Defendants Lumberton Police Department Officer Edward Peter Dellorco, Mount Holly Police Department Officer Drew Cooke, and attorneys John C. Gillespie and Richard L. Goldstein were present in court and could have intervened to stop the allegedly perjured testimony.

---

[1] This Court will take judicial notice of the dockets of other federal cases related to this Complaint. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[2] Plaintiff does not describe the allegedly perjurious testimony or explain how it related to the subject matter of the trial.

Plaintiff seeks damages in the amount of $5 million and prosecution of the defendants.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

3

complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken

4

as true) to suggest that an agreement was made.  Asking
for plausible grounds to infer an agreement does not
impose a probability requirement at the pleading stage;
it simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence of
illegal agreement.  And, of course, a well-pleaded
complaint may proceed even if it strikes a savvy judge
that actual proof of those facts is improbable, and
"that a recovery is very remote and unlikely." ...  It
makes sense to say, therefore, that an allegation of
parallel conduct and a bare assertion of conspiracy
will not suffice.  Without more, parallel conduct does
not suggest conspiracy, and a conclusory allegation of
agreement at some unidentified point does not supply
facts adequate to show illegality.  Hence, when
allegations of parallel conduct are set out in order to
make a § 1 claim, they must be placed in a context that
raises a suggestion of a preceding agreement, not
merely parallel conduct that could just as well be
independent action.

      The need at the pleading stage for allegations
plausibly suggesting (not merely consistent with)
agreement reflects the threshold requirement of Rule
8(a)(2) that the "plain statement" possess enough heft
to "sho[w] that the pleader is entitled to relief."  A
statement of parallel conduct, even conduct consciously
undertaken, needs some setting suggesting the agreement
necessary to make out a § 1 claim; without that further
circumstance pointing toward a meeting of the minds, an
account of a defendant's commercial efforts stays in
neutral territory. ...

<u>Twombly</u>, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

    The Court of Appeals for the Third Circuit has held, in the
context of a § 1983 civil rights action, that the <u>Twombly</u>
pleading standard applies outside the § 1 antitrust context in
which it was decided.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515
F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read
<u>Twombly</u> so narrowly as to limit its holding on plausibility to
the antitrust context").

Context matters in notice pleading.  Fair notice under
Rule 8(a)(2) depends on the type of case -- some
complaints will require at least some factual
allegations to make out a "showing that the pleader is
entitled to relief, in order to give the defendant fair
notice of what the ... claim is and the grounds upon
which it rests."  Indeed, taking Twombly and the
Court's contemporaneous opinion in Erickson v. Pardus,
127 S.Ct. 2197 (2007), together, we understand the
Court to instruct that a situation may arise where, at
some point, the factual detail in a complaint is so
undeveloped that it does not provide a defendant the
type of notice of claim which is contemplated by
Rule 8.  Put another way, in light of Twombly, Rule
8(a)(2) requires a "showing" rather than a blanket
assertion of an entitlement to relief.  We caution that
without some factual allegation in the complaint, a
claimant cannot satisfy the requirement that he or she
provide not only "fair notice," but also the "grounds"
on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when

assessing the sufficiency of any civil complaint, a court must

distinguish factual contentions -- which allege behavior on the

part of the defendant that, if true, would satisfy one or more

elements of the claim asserted -- and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory

statements."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Although the Court must assume the veracity of the facts asserted

in the complaint, it is "not bound to accept as true a legal

conclusion couched as a factual allegation."  Id. at 1950.  Thus,

"a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth."  Id.

6

Therefore, after <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

Rule 10(b) of the Federal Rules of Civil Procedure provides:

A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants
> if:
>> (A) any right to relief is asserted against them
>> jointly, severally, or in the alternative with respect
>> to or arising out of the same transaction, occurrence,
>> or series of transactions or occurrences; and
>> (B) any question of law or fact common to all
>> defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252

Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th

Cir. 2007).

In actions involving multiple claims and multiple

defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a),
> plaintiff may join multiple defendants in a single
> action only if plaintiff asserts at least one claim to
> relief against each of them that arises out of the same
> transaction or occurrence and presents questions of law
> or fact common to all.  If the requirements for joinder
> of parties have been satisfied, however, Rule 18 may be
> invoked independently to permit plaintiff to join as
> many other claims as plaintiff has against the multiple
> defendants or any combination of them, even though the
> additional claims do not involve common questions of
> law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane,

Federal Practice and Procedure, § 1655 (3d ed. 2009).

Where a complaint can be remedied by an amendment, a

district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg
County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

Local government units and supervisors are not liable under
§ 1983 solely on a theory of respondeat superior.  See City of
Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v.
New York City Department of Social Services, 436 U.S. 658, 690-
91, 694 (1978) (municipal liability attaches only "when execution
of a government's policy or custom, whether made by its lawmakers

or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

IV.  <u>ANALYSIS</u>

A.   <u>The Claims against the Attorneys</u>

Plaintiff seeks to assert claims under § 1983 against the attorneys John C. Gillespie and Richard L. Goldstein, whom he describes as attorneys with a law firm in private practice.

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 (1981).

As these attorneys are not "state actors" subject to liability under § 1983, all claims against them will be dismissed with prejudice for failure to state a claim.

B.   The "Perjury" Claim

Plaintiff asserts that he was deprived of due process when Defendant Michael May allegedly testified falsely and when the other four defendants failed to stop or correct the false testimony.

"On its face § 1983 admits no immunities."  Tower v. Glover, 467 U.S. 914, 920 (1984).  The Supreme Court has recognized, however, a number of absolute and qualified immunities.

Witnesses, including police witnesses, are absolutely immune from civil damages based upon their testimony.  See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983).

> [T]he common law provided absolute immunity from subsequent damages liability for all persons-governmental or otherwise-who were integral parts of the judicial process. It is equally clear that § 1983 does not authorize a damages claim against private witnesses ... .
>
> ...
>
> [A witness] is subject to compulsory process, takes an oath, responds to questions on direct examination and cross-examination, and may be prosecuted subsequently for perjury.
>
> ...
>
> Moreover, to the extent that traditional reasons for witness immunity are less applicable to governmental witnesses, other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses. Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties.

11

Briscoe v. LaHue, 460 U.S. at 335, 342-43 (footnotes omitted).

Thus, Defendant Michael May is entitled to absolute immunity for his testimony.

Likewise, the other four defendants, who are alleged only to have sat silent while Defendant Michael May presented perjured testimony, are entitled to absolute immunity.  To hold otherwise "would permit through the back door what is prohibited through the front."  See Jones v. Cannon, 174 F.3d 1271, 1288-89 (11th Cir. 1999) (granting absolute immunity for claim that certain police officers suborned perjured testimony, and collecting and relying upon cases holding that police are entitled to absolute immunity for conspiracy to present perjured testimony).  This claim will be dismissed with prejudice for failure to state a claim..

C.   Request for Criminal Prosecution

In his request for relief, Plaintiff seeks the prosecution of the defendants for perjury.

Authorities are in agreement, however, that the submission by a private party of a civil rights complaint, or a purported criminal complaint, in federal court is not the appropriate manner in which to initiate criminal proceedings.

> A private person may not prosecute a federal criminal complaint.  Prosecution of a federal crime is the prerogative of the United States through the attorney general and his delegates, the United States attorneys.  28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which

the United States, an agency, or officer thereof is a
party, or is interested, and securing evidence
therefor, is reserved to officers of the Department of
Justice, under the direction of the Attorney
General."); <u>The Confiscation Cases</u>, 74 U.S. 454, 457
(1868) ("Public prosecutions, until they come before
the court to which they are returnable, are within the
exclusive direction of the district attorney, [...]");
...; <u>United States ex rel. Savage v. Arnold</u>, 403
F.Supp. 172, 174 (E.D. Pa. 1975); <u>United States v.
Panza</u>, 381 F.Supp. 1133, 1133-35 (W.D. Pa. 1974)
(reciting history of rule); ... .

<u>Peters v. Beard</u>, 2006 WL 2174707 (M.D. Pa. June 13, 2006) (Report
and Recommendation) (citations omitted), <u>adopted by</u>, 2006 WL
2175173 (M.D. Pa. Aug. 1, 2006).  <u>See also</u> <u>Higgins v. Neal</u>, 52
F.3d 337, 1995 WL 216920 (10th Cir. 1995) (unpubl.) (collecting
cases); <u>Caracter v. Avshalumov</u>, 2006 WL 3231465 (D.N.J. Nov. 8,
2006) (collecting cases); <u>Stoll v. Martin</u>, 2006 WL 2024387 (N.D.
Fla. July 17, 2006) (collecting cases).

Nevertheless, if a purported criminal complaint warrants
action, a court may refer it to the United States Attorney for
action.  <u>Savage</u>, 403 F.Supp. at 174.  The commencement of a
criminal action is governed in part by Federal Rules of Criminal
Procedure 3 and 4, which provide some guidance in determining
whether a purported criminal complaint merits reference to the
United States Attorney.  Rule 3 provides, "The complaint is a
written statement of the essential facts constituting the offense
charged.  It must be made under oath before a magistrate judge
or, if none is reasonably available, before a state or local
judicial officer."  Rule 4 provides, in pertinent part, "If the

13

complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."

Here, Plaintiff's allegations are not sufficient to establish probable cause to believe that the defendants violated any federal criminal statute.  This Court perceives no reason, on the basis of the facts before it, to refer this matter to the United States Attorney.

D.   Defendants' Request for Sanctions

By Letter [2], Defendants request that this Court impose sanctions on Plaintiff, in the form of an order precluding Plaintiff "from filing any further lawsuit, administrative proceeding or any other action, for any reason, without prior permission of this Court, against any of the defendants or their counsel or any other persons who have acted on the defendants' behalf in this matter related to any of the events discussed in Plaintiffs' Complaint, through the time of the Directed Verdict." In support of the request, Defendants' counsel note eight "filings" by Plaintiff, including post-judgment motions in Civil Action No. 05-4129, administrative complaints with the U.S. Attorney for the District of New Jersey and the Lumberton Police Department, letters to the parties, and the Complaint in this action.

14

The All Writs Act, 28 U.S.C. § 1651, gives district courts power, inter alia, to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated. In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982).  However, such injunctions are extreme remedies and should be narrowly tailored and sparingly used.  Id.

The Court of Appeals for the Third Circuit has concluded that district courts may issue an injunction requiring a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated to receive court approval before filing further complaints.  Chipps v. United States Dist. Court for the Middle Dist. of Pa., 882 F.2d 72 (3d Cir. 1989); In re Oliver, 682 F.2d 443 (3d Cir. 1982).

As vexing as Plaintiff's various filings may have been to the defendants here and their counsel, they do not, at this time, rise to the level that would compel this Court to issue an injunction of the type requested by Defendants.  Accordingly, this request will be denied.[3]

---

[3] The Court notes that this dismissal appears to be Plaintiff's third "strike" under 28 U.S.C. § 1915(g).  See Williams v. Goins, Civil No. 00-6139 (D.N.J.); Williams v. Connellan, Civil No. 99-4062 (D.N.J.).

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.

It does not appear that Plaintiff could cure the deficiencies noted in this Opinion.  Accordingly, he will not be granted leave to amend.

An appropriate order follows.


                                        s/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: January 27, 2010

16